UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALBERTO SANCHEZ,<br><br>        Plaintiff,<br>    v.<br><br>JOHN DOE, JOHN DOE, JOHN DOE,<br><br>        Defendants. | Case No. C22-422 RAJ-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT |

This matter comes before the Court on pro se Plaintiff Alberto Sanchez's application to proceed *in forma pauperis* (IFP). Dkt. 1. Plaintiff is a pretrial detainee. Having reviewed and screen Plaintiff's proposed complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by **May 27, 2022**, to cure the deficiencies identified herein.

### BACKGROUND

Plaintiff is a pretrial detainee at King County Correctional Facility. Dkt. 1-1, at 2. Plaintiff's complaint raises claims related to excessive force by three correctional officers he identifies as "John Does." *Id.* Specifically, Plaintiff alleges that on October 1, 2021, he was a victim of an attack by an unidentified sergeant and two unidentified correctional officers. *Id.* at 4-5. As a result, Plaintiff sustained physical injuries to his

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 1

face and neck. *Id.* He also continues to suffer from the psychological trauma of the attack. *Id.* Plaintiff seeks compensatory and punitive damages.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff's proposed complaint suffers from deficiencies that require dismissal if not corrected in an amended complaint.

A.      Excessive Force and Unnamed Defendants

To succeed on an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397. A court "must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)) (alterations in original).

Considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Here, Plaintiff alleges on October 1, 2021, the John Does "repeatedly shoved" his neck and head against a wall while he was handcuffed. Dkt. 1-1, at 6. However, Plaintiff did not specifically name the sergeant or corrections officers by name. If Plaintiff intends to proceed with his excessive force claim he must allege additional facts linking named

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 3

Defendants to the alleged constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The Court cannot serve a complaint on unidentified and unnamed individuals.

<u>Conclusion</u>

Due to the deficiencies described above, the Court will not grant Plaintiff's IFP application or serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **May 27, 2022**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 29th day of April, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 5